IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SUNRISE HELICOPTERS, INC., | ) | CIVIL NO. 10-00346 LEK-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ALEXAIR, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING (1) ALEXAIR, INC.'S ORAL MOTION FOR JUDGMENT AS A MATTER OF LAW RE: AIRWORTHINESS OF ENGINE; (2) ALEXAIR, INC.'S ORAL MOTION FOR JUDGMENT AS A MATTER OF LAW RE: ATTORNEYS' FEES; (3) SUNRISE HELICOPTERS, INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW RE: NEGLIGENCE CLAIM; AND (4) SUNRISE HELICOPTERS, INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW RE: CONTRACTUAL WAIVER OF DAMAGES**

Before the Court are four motions for judgment as a matter of law. Defendant/Counterclaim Plaintiff Alexair, Inc. ("Alexair"), by and through its counsel, Thomas Sylvester, Esq., presented its two motions orally on May 8, 2012 regarding (1) the airworthiness of the subject engine and (2) the reasonableness of attorneys' fees, and the Court took both motions under advisement. On May 9, 2012, Plaintiff/Counterclaim Defendant Sunrise Helicopters, Inc. ("Sunrise Helicopters"), by and through its counsel, Christopher Collings Esq. and Shannon Lau, Esq., submitted in writing its (1) Motion for Judgment as a Matter of Law Regarding Defendant/Counterclaimant Alexair, Inc.'s Negligence Claim [dkt. no. 105], and (2) Motion for Judgment as a

Matter of Law Regarding Defendant/Counterclaimant Alexair, Inc.'s Contractual Waiver of Damages [dkt. no. 106], and the Court took those motions under advisement.  On May 10, 2012, Sunrise Helicopters filed its Response to Defendant/Counterclaimant Alexair, Inc.'s Motion for Judgment as a Matter of Law Regarding Attorneys['] Fees in Third Party Case and in the Alternative Motion to Reopen [dkt. no. 104], and Alexair filed its Opposition to Plaintiff/Counterclaim Defendant Sunrise Helicopter Inc.'s Motion for Judgment as a Matter of Law Regarding Defendant/Counterclaimant Alexair, Inc.'s Negligence Claim [dkt. no. 107] and Opposition to Plaintiff Counterclaim Defendant Sunrise Helicopters, Inc.'s Motion for Judgment as a Matter of Law Regarding Defendant/Counterclaimant Alexair, Inc.'s Contractual Waiver of Damage [dkt. no. 108].  After careful consideration of the motions, supporting and opposing memoranda, and the arguments of counsel, the motions are HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

I. **Alexair's Motion for Judgment as a Matter of Law re: Airworthiness of Engine**

   A. **Alexair's Motion**

   At the conclusion of Sunrise Helicopters' case-in-chief, counsel for Alexair orally moved for judgment as a matter of law, arguing that Sunrise Helicopters had failed to prove that

it had provided Alexair a serviceable engine.  Alexair argues that there was no evidence that the engine was airworthy, and in fact the evidence indicated that the engine was not airworthy based on its failure after thirteen hours of use.  Alexair requests that the Court find as a matter of law that Sunrise Helicopters breached the rental agreement in issue and is therefore not entitled to damages.

### B. **Sunrise Helicopters' Response**

Sunrise Helicopters did not provide a written response to Alexair's motion, but counsel offered a brief oral response at the hearing on this motion.  Sunrise Helicopters states that the issuance of the airworthiness tag as reflected in Trial Exhibit 6, in and of itself, defeats Alexair's argument that the engine was not airworthy.  It also argues that, at a bare minimum, Sunrise Helicopters raised factual issues for the jury to decide.

## II. **Alexair's Motion for Judgment as a Matter of Law re: Reasonableness of Attorneys' Fees**

### A. **Alexair's Motion**

Alexair made a second oral motion for judgment as a matter of law, arguing that Sunrise Helicopters had failed to show the reasonableness of its requested attorneys' fees.  It requests that the Court strike Exhibits 49, 50, and 53 relating to Sunrise Helicopters' attorneys' fees, because (1) they were incurred in another case, and (2) Sunrise Helicopters did not

establish that the requested attorneys' fees were reasonable.

B. **Sunrise Helicopters' Response**

At the hearing on this motion, counsel for Sunrise Helicopters orally opposed the motion, arguing that Alexair had stipulated to Exhibits 49, 50, and 53 being received into evidence, and that Alexair can argue for the reasonableness of the fees during its closing arguments. Sunrise Helicopters further argued that it is entitled to recover attorneys' fees because Alexair's wrongful acts forced it to incur costs in a previous suit.

Additionally, in its written response, Sunrise Helicopters argues that, under Texas law, there is a presumption that the usual and customary attorneys' fees are reasonable.[1] Tex. Civ. Prac. & Rem. Code §§ 38.001, 38.003. This presumption remains unrebutted when there has been no challenge to the attorneys' fees submitted and entered as evidence. Haden v. Sacks, 332 S.W.3d 503, 513 (Tex. App. 2009). It argues that (1) the parties already stipulated to the admissibility of trial evidence and cannot now move to strike such evidence; and (2) Alexair's motion is unsupported by any competent evidence.

Alternatively, Sunrise Helicopters requests that the

---

[1] On April 27, 2012, the Court granted Sunrise Helicopters' Motion in Limine No. 1 Re Texas Law Controlling Subject Contract Dispute and determined that Texas law, rather than Hawai‘i law, controlled the interpretation of the rental agreement. [Minutes, dkt. no. 95.]

4

Court reopen the evidence to allow it an opportunity to introduce evidence that its attorneys fees were reasonable and necessary.

**III. Sunrise Helicopters' Motion for Judgment as a Matter of Law re: Alexair's Negligence Claim**

    **A.   Sunrise Helicopters' Motion**

On May 9, 2012, Sunrise Helicopters submitted two written motions for judgment as a matter of law. In its first motion, it argues that Alexair cannot recover on its negligence claim because it is barred by Hawaii's two-year statute of limitations contained in Hawai'i Revised Statutes §§ 657-3 and 657-7.

Sunrise Helicopters argues that Alexair and its witnesses testified that Alexair knew of the engine failure on January 29, 2006, the date of the subject incident. Sunrise Helicopters contends that Alexair's negligence claim accrued on January 29, 2006, and that its counterclaim, filed on August 5, 2010, is outside of the two-year statute of limitations.

Alternatively, Sunrise Helicopters argues that Alexair should have reasonably discovered the alleged defect by January 31, 2008, when the National Transit Safety Board ("NTSB") issued its report concerning the subject incident.

    **B.   Alexair's Response**

In its written response, Alexair argues that its negligence claim did not accrue until it knew of the factual

basis supporting its claim, which it only uncovered during discovery for the present action.

Alexair admits that it knew of the injury caused by the engine failure on January 29, 2008 (two years after the subject incident), but it argues that it did not know at that time why the engine had failed. It also argues that the NTSB report did not establish Sunrise Helicopters' negligence, causation, or a factual basis for a negligence claim. The report concluded that the cause of the engine failure was "[a] total loss of engine power due to the internal effects on the bearings of a prior oil starvation event. A contributing factor was the leasing agent's and operator's failure to ensure the airworthiness of the leased engine prior to the installation in the helicopter." [Trial Exh. 9 (NTSB Report) at 6.] Alexair contends, however, that the report did not determine when oil starvation occurred, what caused the starvation, or who was responsible. Alexair states that it only became aware of the factual basis and causal connection of its claim during discovery, then promptly filed its counterclaim.

**IV. Sunrise Helicopters' Motion for Judgment as a Matter of Law re: Contractual Waiver of Damages**

   **A.   Sunrise Helicopters' Motion**

In Sunrise Helicopters' second motion, it argues that the hold-harmless provision in the rental agreement is ambiguous

and effectively operated to waive Alexair's claims against Sunrise Helicopters. The rental agreement's hold-harmless provision provides:

> Alexair will have qualified personnel examine the engine and its records and at its sole discretion determine the serviceability of the engine and its associated components and hold Sunrise Helicopters harmless of any loss of income or any damages or loss caused by the operation of the engine.

[Trial Exh. 10 (250C30M Rental Agreement) at ¶ 13.]

Sunrise Helicopters argues that, under Texas law, although waiver is normally a question of fact, when facts and circumstances are clearly established, the question becomes one of law. It contends that the simple hold-harmless provision at issue merely requires that Alexair hold Sunrise Helicopters harmless for damages resulting from Alexair's own maintenance or operation of the engine.

Sunrise Helicopters argues that the rental agreement is not ambiguous, because the Court can give it certain and/or definite meaning. Because Alexair admitted that it did not dispute any of the rental agreement's terms or conditions and voluntarily entered into the rental agreement, Sunrise Helicopters claims that Alexair waived its claims as a matter of law.

B. **Alexair's Response**

In its written response, Alexair argues that Sunrise

Helicopters is merely rehashing its previous arguments made in connection with its Motion in Limine No. 2 Re Any Mention of Damages or Loss of Income in Accordance with the Subject Contract. [Dkt. no. 89.] Moreover, it argues that there are questions of fact that preclude judgment as a matter of law.

First, Alexair argues that, since Sunrise Helicopters admitted that the waiver provision only applies to "damages resulting from Alexair's own maintenance or operation of the engine," there are issues of disputed fact: whether the failure was caused by Sunrise Helicopters supplying a defective engine or Alexair's maintenance or operation. It contends that, if Sunrise Helicopters is found negligent, then the waiver provision would not bar Alexair's recovery, as it only applies to Alexair's own negligence.

Second, Alexair argues that the hold-harmless provision is ambiguous and cannot be the basis of judgment as a matter of law. Alexair points to the apparent conflict with paragraph 13 (the hold-harmless provision) and paragraph 4, which provides: "Alexair will be responsible for any damage incurred in the operation of the engine that is not reasonably expected in normal engine operation . . . ." [Trial Exh. 10 at ¶ 4.] Alexair claims that, although paragraph 13 implies that Alexair holds Sunrise Helicopters harmless from any damages, paragraph 4 implies that Alexair is not responsible for any defect that was

not caused by Alexair's maintenance or misuse of the engine, so long as it was "not reasonably expected in normal engine operation."

Third, Alexair argues that, contrary to Sunrise Helicopters' assertion that the lease of machinery does not involve the public interest, the hold-harmless provision is contrary to the public interest because, if Sunrise Helicopters was negligent in supplying a defective helicopter engine, it should not be held harmless as a matter of public policy.

### **STANDARD**

Rule 50(a) of the Federal Rules of Civil Procedure provides:

> (a) Judgment as a Matter of Law.
>
>> (1) In General.  If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>>
>>> (A) resolve the issue against the party; and
>>>
>>> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
>>
>> (2) Motion.  A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury.  The motion must specify the judgment sought and the law and facts

that entitle the movant to the judgment.

The standard for judgment as a matter of law mirrors that for granting summary judgment. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149-50 (2000). "[I]n entertaining a motion for judgment as a matter of law, the court . . . may not make credibility determinations or weigh the evidence." Id. at 149. Rather, the court "must view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Josephs v. Pac. Bell, 443 F.3d 1050, 1062 (9th Cir. 2006). Where there is sufficient conflicting evidence, or if reasonable minds could differ over the verdict, judgment as a matter of law is improper. Pierson v. Ford Motor Co., No. C 06-6503 PJH, 2009 WL 3458702, at *1 (N.D. Cal. Oct. 23, 2009); see generally Kern v. Levolor Lorentzen, Inc., 899 F.2d 772, 775 (9th Cir. 1990).

## DISCUSSION

### I. Alexair's Motion for Judgment as a Matter of Law re: Airworthiness of Engine

Alexair's first motion asks the Court to enter judgment as a matter of law in its favor and rule that Sunrise Helicopters failed to provide an airworthy engine and therefore breached its contract with Alexair. As Sunrise Helicopters points out, it provided extensive evidence during trial that it delivered an airworthy engine to Alexair. Because of the conflicting evidence provided by the parties, this is an issue best left to the trier

of fact.  Accordingly, the Court cannot say that "a reasonable jury would not have a legally sufficient evidentiary basis to find for" Sunrise Helicopters on this issue.  See Fed. R. Civ. P. 50(a)(1).  Alexair's first motion is therefore DENIED.

## II. Alexair's Motion for Judgment as a Matter of Law re: Reasonableness of Attorneys' Fees

Alexair's second motion requests that the Court enter judgment as a matter of law precluding Sunrise Helicopters from recovering attorneys' fees, because the fees and costs were incurred in another matter and because Sunrise Helicopters failed to show that the fees were reasonable.

Under Vernon's Texas Civil Practice & Remedies Code § 38.001:

> A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for:
>
> (1) rendered services;
>
> (2) performed labor;
>
> (3) furnished material;
>
> (4) freight or express overcharges;
>
> (5) lost or damaged freight or express;
>
> (6) killed or injured stock;
>
> (7) a sworn account; or
>
> (8) an oral or written contract.

Moreover, there is a presumption that any amount recovered is

"reasonable." Tex. Civil Prac. & Remedies Code § 38.003 ("It is presumed that the usual and customary attorney's fees for a claim of the type described in Section 38.001 are reasonable. The presumption may be rebutted.").

A determination of reasonable attorneys' fees is a question for the trier of fact. Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 12 (Tex. 1991). Where the issue is raised by the evidence, it is within the province of the jury to determine the reasonable value of an attorney's services. Powell Elec. Sys., Inc. v. Hewlett Packard, Co., 356 S.W.3d 113, 128 (Tex. App. 2011). Attorneys' fees, where recoverable by law, must be reasonable under the particular circumstances of the case and must bear some reasonable relationship to the amount in controversy. Argonaut Ins. Co. v. ABC Steel Products Co., Inc., 582 S.W.2d 883, 889 (Tex. Civ. App. 1979). Although the amount of attorneys' fees is a question of fact for the jury, the trial or appellate court has the duty to reduce the fee awarded if it is excessive. Id.

Alexair stipulated to the admissibility of Exhibits 49, 50, and 53. Although Alexair did not stipulate to the reasonableness of the fees and costs listed therein, the exhibits were properly before the jury. As to the reasonableness of the fees, the Court notes that neither side presented any evidence as to whether the fees and costs requested by Sunrise Helicopters

were reasonable. Under Texas law, although it is presumed that attorney's fees for the present claims are reasonable, that presumption may be rebutted. Tex. Civil Prac. & Remedies Code § 38.003. Alexair failed to present any evidence tending to rebut that presumption. As such, it is within the province of the jury to determine an appropriate award of attorneys' fees and costs. See Stewart Title Guar. Co., 822 S.W.2d at 12. The Court accordingly DENIES Alexair's second motion.

### III. Sunrise Helicopters' Motion for Judgment as a Matter of Law re: Alexair's Negligence Claim

The Court turns to Sunrise Helicopters' two motions. First, Sunrise Helicopters argues that a two-year statute of limitations bars Alexair's negligence claim. It argues that Alexair knew or should have known of the engine failure over two years before it filed its counterclaim against Sunrise Helicopters.

Section 657-7 of the Hawai'i Revised Statutes provides: "Actions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after, except as provided in section 657-13." Under the "discovery rule," the Hawai'i Supreme Court has held that "a cause of action does not 'accrue,' and the limitations period therefore does not begin to run, until the plaintiff knew or should have known of the defendant's negligence." Hays v. City & Cnty. of Honolulu, 81 Hawai'i 391,

13

393, 917 P.2d 718, 720 (1996) (citing <u>Yoshizaki v. Hilo Hosp.</u>, 50 Haw. 150, 433 P.2d 220 (1967)).  However, the discovery rule is not implicated where all that is not "discovered" is the existence of a legal duty on the part of a defendant.  <u>Id.</u> at 396-97, 917 P.2d at 723-24.

The Court determines that, based on the conflicting evidence provided by the parties at trial, judgment as a matter of law is not appropriate as to this issue.  Viewing the evidence in the light most favorable to Alexair, it is not at all clear that reasonable minds could not differ as to the "discovery" of the facts underlying the negligence claim.  The Court therefore DENIES Sunrise Helicopters' first motion.

**IV. Sunrise Helicopters' Motion for Judgment as a Matter of Law re: Contractual Waiver of Damages**

Finally, Sunrise Helicopters requests that the Court rule that the hold-harmless provision in the rental agreement caused Alexair to waive its claims against Sunrise Helicopters.  It argues that the rental agreement is not ambiguous, thus making this issue appropriate for judgment as a matter of law.

When construing a contract under Texas law, a court must ascertain the true intention of the parties as expressed in the writing itself.  <u>J.M. Davidson, Inc. v. Webster</u>, 128 S.W.3d 223, 229 (Tex. 2003).  "We must examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered

14

meaningless." Id. "If the written instrument is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law." Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983). However, "[i]f the contract is subject to two or more reasonable interpretations after applying the pertinent rules of construction, the contract is ambiguous, creating a fact issue on the parties' intent." J.M. Davidson, Inc., 128 S.W.3d at 229.

The interpretation of the rental contract is a question appropriate for the trier of fact. There was sufficient evidence presented at trial to create the possibility of differing interpretations of the contractual language, which could "creat[e] a fact issue on the parties' intent." See id. Moreover, the Court already rejected this argument in connection with Sunrise Helicopters' Motion in Limine No. 2 re Any Mention of Damages or Loss of Income in Accordance with the Subject Contract. [Minutes, dkt. no. 95.] Accordingly, the Court DENIES Sunrise Helicopters' second motion.

## CONCLUSION

On the basis of the foregoing, (1) Alexair, Inc.'s oral Motion for Judgment as a Matter of Law re: Airworthiness of Engine; (2) Alexair Inc.'s oral Motion for Judgment as a Matter of Law re: Attorneys' Fees; (3) Sunrise Helicopters, Inc.'s

15

Motion for Judgment as a Matter of Law re: Negligence Claim; and
(4) Sunrise Helicopters, Inc.'s Motion for Judgment as a Matter
of Law re: Contractual Waiver of Damages are HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 29, 2012.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**SUNRISE HELICOPTERS, INC. V. ALEXAIR, INC.; CIVIL NO. 10-00346 LEK-BMK; ORDER DENYING (1) ALEXAIR, INC.'S ORAL MOTION FOR JUDGMENT AS A MATTER OF LAW RE: AIRWORTHINESS OF ENGINE; (2) ALEXAIR, INC.'S ORAL MOTION FOR JUDGMENT AS A MATTER OF LAW RE: ATTORNEYS' FEES; (3)SUNRISE HELICOPTERS, INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW RE: NEGLIGENCE CLAIM; AND (4) SUNRISE HELICOPTERS, INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW RE: CONTRACTUAL WAIVER OF DAMAGES**